ROMÁN, DEMANDANTE Y APELADO, *v.* PÉREZ, DEMANDADO
Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Arecibo
en pleito sobre desahucio en precario.

No. 3013.—Resuelto en mayo 4, 1923.

DESAHUCIO—COMPARECENCIA PRELIMINAR—PRUEBA DOCUMENTAL.—El objeto de la comparecencia preliminar en una acción de desahucio es que las partes tengan conocimiento de la prueba documental que ha de ofrecerse en el juicio con el fin de acelerar el procedimiento sumario ·y de que ambas partes tengan oportunidad de prepararse para el debate de la cuestión litigiosa planteada.

ID.—IDENTIDAD DE LA FINCA—CONFLICTO DE TÍTULOS.—Si el demandado no prueba enteramente el punto relativo a que la propiedad en litigio realmente formaba parte de la finca de mayor cabida reseñada en su escritura, esa es una cuestión preliminar de hecho, que de ser resuelta a favor del demandante, eliminaría la controversia en cuanto al título. Por otra parte, si la propiedad en disputa está dentro de la superficie comprendida por la escritura del demandado, la cuestión del efecto de la sentencia en la acción reivindicatoria, de acuerdo con la cual alegó el demandante su derecho de propiedad sobre la validez del título adquirido por el demandado es cosa que no puede resolverse en una acción de desahucio. No habiendo sido considerada de modo directo la cuestión preliminar por la corte inferior se ordenó la devolución del caso.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. L. Mercader.*

Abogado del apelado: *Sr. L. Coballes.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

El demandante en una acción de desahucio en su carácter de condueño en común proindiviso y como arrendatario de otros copartícipes de una finca de quince cuerdas de terreno, alegó que habiendo dejado encargado temporalmente

de la finca a un tal Ruperto Ríos, el demandante halló luego
al demandado en posesión de ella sin su permiso y contra la
voluntad del demandante sin pagar canon o merced alguna
y negándose a entregar la posesión.

El demandado contestó la demanda alegando como de-
fensas afirmativas lo siguiente:

"1. Que la finca de 15 cuerdas descrita en el hecho segundo de
la demanda, tal como allí aparece, nunca ha sido del demandante
ni de ninguna otra persona que del propio demandado que es único
dueño en propiedad y dominio, y la cual parcela es parte ·integra
y está comprendida en el inmueble del cual es dueño en plena pro-
piedad, dominio y posesión el demandado y que se describe así: Rús-
TICA de 36 cuerdas más o menos en el barrio Buena Vista de Hatillo,
linda al Norte, antes Jacobina Castro, hoy Sinforoso Pérez; Sud,
antes José Félix Ruiz y Vicente Sierra Tur, hoy Jaime Torres; Este,
Jacinto de Arce, María Valentín y Francisco Terrón, antes, hoy
Sinforoso Pérez; Oeste, Carlina Galán y Juan Román Tanamá, an-
tes, hoy Alfredo Matheu y Antonio Torrado.

"2. Que las 36 cuerdas referidas, de la cual forma parte la de 15
descrita en el hecho segundo de la demanda, la compró el demandado
a Juan Ríos Irizarry por escritura de 1º. de julio, 1920, ante el
notario Manuel O. Figueroa, inscrita al tomo 29 de Hatillo, folio 76
vuelto; y que Irizarry la compró de la Sucesión de José Domingo
Vélez del Rosario; que esta Sucesión la hubo por herencia de dicho
José Domingo Vélez del Rosario, quien la compró para el 1891; y
tanto éste desde entonces, después su sucesión, luego Irizarry, y
posteriormente hasta la fecha el demandado, la poseyeron aquellos
y viene poseyendo éste último quieta, públicamente sin interrupción
alguna, a título de dueño, de buena fe y justo título, por lo que
aún si el demandante pudiera tener algún derecho a tal parcela,
estaría ya prescrita a virtud del artículo 1858 del Código Civil, ha-
biendo estado siempre el demandante y los que él indica son dueños
de las 15 cuerdas residiendo en esta Isla."

En la vista preliminar el demandante presentó una cer
tificación del Registrador de la Propiedad creditiva de la
inscripción de las quince cuerdas a nombre del demandante
y de otras personas y un documento sobre arrendamiento.

El demandado, después de leer su contestación, ofreció una escritura de Juan Ríos y una certificación del Registrador de la Propiedad.

Ambas partes anunciaron su intención de presentar prueba testifical en el juicio pero el demandante no hizo indicación alguna respecto a cualquier propósito de presentar prueba documental adicional.

En el juicio, en el que luego fué dictada sentencia a favor del demandante, se admitió prueba con la oposición del demandado tendente a acreditar que con anterioridad al traspaso en que se funda el demandado y como consecuencia de una acción reivindicatoria, el vendedor del demandado estaba privado de todo derecho, título o interés que pudiera haber alegado tener en las quince cuerdas.

El efecto de esta prueba en la mente del juez sentenciador es el que consta de la siguiente cita que hacemos de los hechos declarados probados, a saber:

"Si bien en su escrito de contestación, alega como cuestión de derecho ser dueño de la misma finca de 15 cuerdas objeto de este litigio, la que dice estar comprendida en otra de 36 cuerdas que adquirió de Juan Ríos, por compra en escritura de fecha 1°. de julio de 1920; es lo cierto que contra Juan Ríos, el vendedor de las quince cuerdas al demandado, presentaron los demandantes en trece de enero de 1919, una demanda de reivindicación de la propia finca de 15 cuerdas, en cuyo litigio recayó sentencia dictada en 10 de febrero de 1919, por lo que se declaró con lugar la demanda condenando a Juan Ríos a que desalojase y entregase la finca de quince cuerdas propiedad de los demandantes y objeto de reclamación en el pleito; cuya finca, por virtud de orden de ejecución cumplimentada por el marshal fué restituída a los demandantes poniéndoles en posesión de la misma, y de la cual, posteriormente fueron desalojados clandestinamente de su posesión por el demandado Sinforoso Pérez, cuando el demandante y condueño y arrendatario de los demás condueños, Juan Román Rivera, se encontraba enfermo, y ausente y sin poder ocuparse de la finca.

"La alegación por tanto del demandado de título adverso, carece de fundamento legal, toda vez que su vendedor Juan Ríos no

tenía la propiedad, ni la posesión de la finca de 15 cuerdas, cuando se otorgó la escritura de venta de primero de julio de 1920.

"Una mera alegación de título no puede destruir la acción posesoria de los demandantes."

Los hechos aquí declarados probados, de ser ciertos, podrían servir de base a una sentencia a favor del demandante en una acción para recobrar la posesión mediante *injunction;* pero no podemos convenir con la conclusión de que ellos son suficientes para eliminar la cuestión de título.

El objeto de la vista preliminar es apercibir a las partes respecto a la prueba documental que ha de ser ofrecida en el juicio, con el fin de acelerar el procedimiento sumario y dar una oportunidad a las partes para prepararse a debatir las cuestiones litigiosas de tal modo planteadas.

En este caso el demandado reclamaba su derecho de propiedad por virtud de un título inscrito. No hay nada que demuestre que la sentencia en la acción reivindicatoria había sido anotada o que se hubiera hecho alguna anotación de *lis pendens.* Debe presumirse que el demandante ha tenido conocimiento del resultado en la anterior acción y de la existencia de la prueba documental aducida en el juicio; y si la misma había sido presentada en la vista preliminar, o anunciada la intención de ofrecerla en el juicio, puede ser que el demandado hubiera podido establecer una situación legal como comprador de buena fe sin conocimiento directo, o en otra forma. De todos modos, la prueba en cuestión no pudo haber tenido otro objeto que destruir la apariencia *prima facie* del dominio del demandado. Y según aparece de las contenciones contradictorias de los abogados, la determinación del efecto de la alegada sentencia final en la acción anterior en cuanto a que confiere un título al demandante envuelve otras determinadas cuestiones legales cuya exposición apenas parece ser necesaria. En cuanto a esto, por supuesto asumimos, como el juez sentenciador parece

haberlo hecho y según sugeriría la prueba de la anterior adquisición del vendedor del demandado, que las 15 cuerdas estaban incluídas dentro de la superficie descrita en la escritura por virtud de la cual reclama el demandado.

Pero el apelado insiste en que el demandado dejó enteramente de establecer la proposición de que las quince cuerdas formaban ciertamente parte de la finca de mayor cabida descrita en su escritura.

Esa, por supuesto, es una cuestión preliminar de hecho que de resolverse en favor del demandante eliminaría la controversia en lo que respecta al título. Y por otra parte, si las quince cuerdas están incluídas dentro de la superficie comprendida en la escritura de los demandados, entonces la cuestión del efecto de la sentencia en la acción reivindicatoria sobre la validez del título adquirido por el demandado es una cuestión que no puede ser resuelta en un procedimiento como este.

Toda vez que esta cuestión preliminar no parece haber sido resuelta directamente por la corte inferior, preferimos devolver el caso dejando a la discreción del juez sentenciador la alternativa de desestimar la acción si está satisfecho de que las quince cuerdas estaban incluídas en la finca de mayor cabida comprada por la demandada, o dictar cualquier resolución que no sea incompatible con esta opinión en el caso de llegar a una conclusión contraria.

La sentencia apelada debe ser revocada.

*Revocada la sentencia y devuelto el caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. **Presidente** del Toro y Asociados Wolf y Aldrey.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.